Cammarato v 16 Admiral Perry Plaza, LLC

2026 NY Slip Op 02959

May 13, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Dorothy Cammarato, etc., appellant,

v

16 Admiral Perry Plaza, LLC, et al., defendants, U.S. Bank National Association, etc., respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 13, 2026

2024-04796, (Index No. 514454/20)

Lara J. Genovesi, J.P.

Linda Christopher

Lillian Wan

Lourdes M. Ventura, JJ.

Schiller Law Group, P.C., Catskill, NY (Chaim Howard Berglas of counsel), for appellant.

Borchert & LaSpina, P.C., Whitestone, NY (Robert W. Frommer of counsel), for respondent.

[*1]

DECISION & ORDER

In an action, inter alia, to rescind a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Francois A. Rivera, J.), dated January 19, 2024. The order granted that branch of the motion of the defendant U.S. Bank National Association which was pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against it.

ORDERED that the order is affirmed, with costs.

The plaintiff, Dorothy Cammarato, and her brother, the defendant Francis Pachesa, owned certain real property located in Brooklyn. In 2001, the plaintiff conveyed her interest in the property to the defendant 16 Admiral Perry Plaza, LLC (hereinafter 16 Admiral Perry). The defendant Universal Associates, Inc. (hereinafter Universal), was designated as the managing member of 16 Admiral Perry, and Pachesa was the president and chief executive officer of Universal.

In 2012, Pachesa executed a deed conveying the property to the defendant Jaba Realty Holdings, LLC (hereinafter Jaba Realty). In 2015, Jaba Realty conveyed the property to the defendant Lucy Pellegrino, Jaba Realty's managing member. In January 2018, Pellegrino borrowed the sum of $805,000 from Velocity Commercial Capital, LLC (hereinafter Velocity), secured by a mortgage on the property. In October 2018, Velocity assigned the mortgage to the defendant U.S. Bank National Association (hereinafter U.S. Bank).

In August 2020, the plaintiff commenced this action, inter alia, to rescind the deed from 16 Admiral Perry to Jaba Realty and all subsequent deeds and mortgages to the property on the ground that the defendants "conspired to commit a fraud" against the plaintiff, "depriving [her] of her interest in the property." U.S. Bank moved, among other things, pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against it. In an order dated January 19, 2024, the Supreme Court granted that branch of the motion. The plaintiff appeals.

In considering a motion to dismiss pursuant to CPLR 3211(a)(7), the court is required to accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every [*2]favorable inference, and determine whether the facts as alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 87-88). Applying this standard here, the plaintiff failed to state a cause of action against U.S. Bank to set aside its recorded mortgage on the ground of fraud and to recover damages for fraud and unjust enrichment.

"A mortgagee's interest in the property is protected unless it has notice of a previous fraud affecting the title of its grantor" (Feggins v Marks, 229 AD3d 691, 692 [internal quotation marks omitted]). "However, the status of a bona fide purchaser for value or a bona fide encumbrancer for value cannot be maintained by a purchaser or encumbrancer with either notice or knowledge of a prior interest or equity in the property, or one with knowledge of facts that would lead a reasonably prudent purchaser [or encumbrancer] to make inquiries concerning such" (HSBC Bank USA, N.A. v Alexander, 221 AD3d 865, 867 [internal quotation marks omitted]). "'A mortgagee who fails to make such an inquiry is not a bona fide encumbrancer for value'" (Baldeo v HSBC Bank USA, NA, 229 AD3d 591, 594, quoting Booth v Ameriquest Mtge. Co., 63 AD3d 769, 769).

Contrary to the plaintiff's contention, 16 Admiral Perry's recorded sale of the property to Jaba Realty for the sum of only $60,000 was insufficient to lead a reasonably prudent encumbrancer to make inquiries into whether that sale was fraudulent (see id.).

The plaintiff also failed to allege that the deed to Jaba Realty was void ab initio. "A deed that is forged is a legal nullity, which conveys nothing, and a mortgage based on such a deed is likewise invalid" (Gerlitz v Biddle, 202 AD3d 762, 764). A deed that is acquired by fraudulent means, however, is merely voidable (see Faison v Lewis, 25 NY3d 220, 224-225; Gerlitz v Biddle, 202 AD3d at 764), and a voidable deed, "until set aside, . . . has the effect of transferring the title to the fraudulent grantee, and . . . being thus clothed with all the evidences of good title, may [e]ncumber the property to a party who becomes a purchaser [or encumbrancer] in good faith" (Marden v Dorthy, 160 NY 39, 50; see Faison v Lewis, 25 NY3d at 225; Gerlitz v Biddle, 202 AD3d at 764). Here, the plaintiff's allegation that Pachesa executed the deed conveying the property to Jaba Realty without the plaintiff's knowledge or consent was inadequate to allege that he executed the deed without authority or under false pretenses (see Limited Liability Company Law § 412[a]; Gerlitz v Biddle, 202 AD3d at 764).

Moreover, the plaintiff failed to allege any misrepresentation or omission of fact made by Velocity or U.S. Bank (see Lebovits v Bassman, 120 AD3d 1198, 1199), and the plaintiff's allegations are inadequate to permit a reasonable inference that Velocity or U.S. Bank participated in a fraud against the plaintiff (see Weinstein v Levitin, 208 AD3d 531, 533).

Accordingly, the Supreme Court properly granted that branch of U.S. Bank's motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against it.

The plaintiff's remaining contention is without merit.

GENOVESI, J.P., CHRISTOPHER, WAN and VENTURA, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court